AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUAN PINTADO<br><br>*Defendant* | )<br>)<br>)  Case No. *10-3157-PRP*<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __8/12/10__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant violated __21__ U. S. C. § __841__, an offense described as follows:

On or about August 12, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant, JUAN PINTADO, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1), and Title 18, United States Code, Section 2.

This criminal complaint is based on these facts:

*PLEASE SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

JOE AHEARN, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/13/2010__

*Judge's signature*

City and state: __Miami, Florida__

PETER R. PALERMO, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Joseph Ahearn, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately two months. I am currently assigned to the Miami Field Division.

2. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 and 21 of the United States Code. I have received extensive training in conducting narcotics investigations and identifying the means and methods used by narcotics traffickers. During my law enforcement career, I have also participated in the execution of several arrests and search warrants in narcotics cases. Much of this training and experience has been directed at the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances, including crystal methamphetamine, a schedule I controlled substance.

3. This affidavit is submitted in support of a criminal complaint charging Juan Carlos PINTADO. The facts contained herein are based on my personal knowledge or knowledge provided to me by other law enforcement agents or other credible sources of information. The information contained in this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint and arrest warrant against PINTADO for distribution of fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of PINTADO, it does not contain all the information known to me regarding this investigation.

4. In August 2010, a confidential source (CS) with the Fort Lauderdale Police Department

(FLPD) provided information to law enforcement regarding PINTADO, an individual who is allegedly involved in distributing quantities of crystal methamphetamine in the South Florida area. The CS advised that PINTADO has sold several ounces to the CS in the past.

5. On August 12, 2010, law enforcement recorded one telephone conversation and numerous text messages between the CS and PINTADO. The CS and PINTADO discussed the CS purchasing four ounces of crystal methamphetamine from PINTADO.

6. The CS and PINTADO agreed to meet and conduct the transaction at a McDonald's restaurant located at 4180 S.W. 9th Street, Coral Gables, Florida, where the CS said they had met in the past to conduct drug transactions, at 9:00 p.m. on August 12, 2010.

7. At approximately 8:15 p.m. on August 12, 2010, law enforcement established surveillance at the McDonald's restaurant and at PINTADO's residence at 222 Madeira Avenue #22, Coral Gables, Florida.

8. At approximately 8:40 p.m., the CS arrived at the McDonald's restaurant. At approximately 8:54 p.m., PINTADO sent a text message to the CS stating that he was on his way to the McDonald's restaurant.

9. At approximately 9:00 p.m., law enforcement observed PINTADO exit his residence, carrying a brown plastic grocery bag, and enter his vehicle, a 2009 Nissan Altima Coupe (Reg. # 357KQD). PINTADO then drove directly to the McDonald's restaurant.

10. Law enforcement then observed PINTADO exit his vehicle and enter the McDonald's, still carrying a brown plastic grocery bag. Upon PINTADO's arrival at the McDonald's, the CS sent a text message informing law enforcement that PINTADO had arrived.

11. At this time, law enforcement in the restaurant identified themselves and arrested PINTADO. Law enforcement located the brown grocery bag on PINTADO's person and found it

to contain approximately 4 ounces of a glass-like substance, which later field tested positive as crystal methamphetamine.

12. Law enforcement advised PINTADO of his *Miranda* rights and requested consent to search his residence. PINTADO verbally waived his *Miranda* rights, agreed to speak with law enforcement, and consented verbally and in writing to a search of his residence. PINTADO stated that there were more drugs and drug proceeds at his residence, as well as a male individual who was completely uninvolved in PINTADO's narcotics dealings.

13. PINTADO provided law enforcement with the keys to his home, which were used to gain entry into the residence. Inside of the residence, law enforcement made contact with the male PINTADO had mentioned, later identified as JB, detained him for agent safety, and later released him without charges. During the search law enforcement, at the direction of PINTADO, located and seized in two separate bags approximately 300 grams of a clear glass-like substance, which was later field tested and confirmed to be crystal methamphetamine, from the top drawer of a computer desk in the living room. Inside the same drawer, law enforcement also located and seized approximately 102.5 pills of ecstasy, also known as MDMA, marked with a monkey logo, weighing approximately 33.7 grams. In the bottom drawer of the same desk, law enforcement located and seized an undetermined amount of U.S. currency loose in the drawer and an undetermined amount of U.S. currency in a lock box which PINTADO gave consent for law enforcement to open. Law enforcement also seized approximately 56 pills of oxycodone (80 milligrams) weighing approximately 15 grams and approximately 9 pills of hydrocodone weighing approximately 3.7 grams from the top of a television stand in the living room. From the kitchen table, law enforcement located and seized approximately $11,000 in U.S. currency. From a safe in the bedroom, which PINTADO opened, law enforcement located and seized approximately $10,000 in U.S. currency.

Law enforcement also located and seized a cardboard box with a shipping label addressed to Juan Carlos PINTADO at 222 Madeira Avenue #22, Coral Gables, Florida, from a table in the entryway of the residence and an envelope addressed to the same.

14. At the police station, after PINTADO waived his *Miranda* rights verbally and in writing, PINTADO gave a statement to law enforcement. PINTADO advised that an individual, determined by law enforcement to be the CS, had called and text messaged him in the early afternoon hours of August 12, 2010, and stated that he wanted to purchase 4 ounces of crystal methamphetamine from PINTADO. PINTADO stated that after receiving word from this individual, PINTADO left his residence at 222 Madeira Avenue #22, Coral Gables, Florida, in his Nissan Altima with 4 ounces of crystal methamphetamine in a grocery bag. PINTADO stated that when he arrived at the McDonald's restaurant, he exited his vehicle and entered the restaurant to meet the individual with the grocery bag containing the methamphetamine when law enforcement took him into custody. PINTADO further stated that he usually sold 4 ounces of crystal methamphetamine to the individual for $2,400 per ounce and that PINTADO had been dealing with the individual for approximately 5 months.

15. The events described above took place in part in Coral Gables, Florida, which is within the Southern District of Florida.

16. Based of the foregoing facts, your Affiant believes there is probable cause that on August 12, 2010, PINTADO knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
JOSEPH AHEARN, SPECIAL AGENT, DEA

Sworn to and subscribed
before me this 13th day of August, 2010.

_____
PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. _10-3157-PRP_

UNITED STATES OF AMERICA

vs.

JUAN PINTADO,

      **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____ Yes  _x_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____ Yes  _x_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _/s/ Eric Hernandez_
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 340730
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9423
FAX (305) 536-4699